UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-00374-D

| | | |
|---|---|---|
| CLIFFORD LEON LEE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This cause comes before the Court upon pro se Plaintiff's motion to compel (DE-53) and for a corresponding extension of time to allow him to supplement his memorandum of law with the information sought in his motion to compel. (DE-54). Defendant seeks to strike the motion to compel (DE-57), to which Plaintiff has responded (DE-59). Accordingly, the motions are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b), these motions have been referred to the undersigned. For the reasons set forth herein, Plaintiff's motion to compel is denied and Defendant's motion to strike is granted. Plaintiff's motion to compel is accordingly stricken, and the corresponding motion for extension of time is denied.

I. **BACKGROUND**

Plaintiff filed a complaint pro se on July 15, 2011, alleging he had been improperly denied Social Security disability benefits. (DE-1). In his complaint, Plaintiff alleges,

1

*inter alia*, that the administrative law judge who conducted his hearing, Lloyd King, Jr. ("ALJ King"), was "inappropriate" and "unprofessional." (DE-1, p.6). His complaint further notes that after ALJ King denied his claim for benefits, Plaintiff filed a formal separate complaint regarding the ALJ King's conduct with the Regional Chief Administrative Law Judge, Ollie L. Garmon, III, of the Social Security Regional Office of Disability Adjudication and Review. (DE-1-1). Judge Garmon's response, attached as an exhibit to Plaintiff's complaint, reads in pertinent part as follows:

> We have established interim procedures for handling allegations of bias, unfairness, or misconduct by an Administrative Law Judge. In accordance with these procedures, we will investigate your allegations. However, the Appeals Council is your only recourse for determining whether Judge King properly evaluated the evidence and issued the correct decision.

(DE-1-1).

After investigating Plaintiff's allegations against ALJ King, Judge Garmon sent Plaintiff the following letter:

> By letter dated January 26, 2010, you contacted us with concerns regarding Administrative Law Judge Lloyd King, Jr., of the Raleigh North Carolina Hearing Office. On April 13, 2010, we informed you that we would carefully review your complaint. We have now finished processing this matter.
> Please note that because of privacy concerns, we are unable to reveal the results of our investigation with you. All appropriate action has been taken regarding your complaint. Thank[] you for sharing your concerns with us.

(DE-1-2).

On February 21, 2012, Plaintiff filed a motion for judgment on the pleadings in his case, which is currently pending before this Court. (DE-52). Also on February 21, 2012, Plaintiff served Defendant with a subpoena to produce

> The response of then Administrative Law Judge Lloyd King, Jr., to the letter April 13, 2010 . . . from Chief Administrative Law Judge Ollie L. Garmon, III, as well as the complete investigative file relating to the complaint filed by me on January 26, 2010, with your office. All notes, records of phone conversations, etc. are to be included.

(DE-58-1).

In his instant motion to compel, Plaintiff contends that the documents subpoenaed are "essential to the Plaintiff being able to successfully present the merits of his case" and that a court order "is necessary to avoid undue delay in having it done and be complete." (DE-53, p.1). Plaintiff also requests a corresponding thirty-day extension of time to supplement his memorandum of law for judgment on the pleadings with whatever information he discovers through the subpoenaed documents. Defendant responds that, because the Court's review in this case is limited to the administrative record, discovery beyond the administrative record is inappropriate, and that any extension of time is therefore unnecessary. Defendant requests Plaintiff's motion to compel be stricken. (DE-57, DE-58).

## II. LEGAL BACKGROUND

Judicial review of action by an agency is generally confined to the administrative record. *See* Camp v. Pitts, 411 U.S. 138, 142 (1973) (per curiam) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); Trinity Am. Corp. v. EPA, 150 F.3d 389, 401 n.4 (4th Cir. 1998) ("Review of agency action is limited to the administrative record before the agency when it makes its decision."). Notably, Rule 26(a)(1)(B)(i) of the

3

Federal Rules of Civil Procedure expressly exempts an action for review on an administrative record from the requirement of providing initial discovery disclosures.

With regard to judicial review of decisions by the Commissioner of Social Security (the instant defendant), the Court is authorized to review denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.

"Under the Social Security Act, [the court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "In reviewing for substantial evidence, [the court should not] undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. at 589. As such, this Court's review is limited to determining whether Defendant's finding that a claimant is not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Because review is so limited, the Court examines only "a closed administrative record - closed because under . . . .the Social Security Act, 42 U.S.C. § 405 (g), neither party may put any additional evidence before the district court." Mathews v. Weber, 423 U.S. 261, 270 (1976).

### III. ANALYSIS

Here, Plaintiff seeks to compel information regarding the independent investigation conducted by Judge Garmon into Plaintiff's allegations of misbehavior by ALJ King. However, as indicated by Judge Garmon in his letter to Plaintiff, whether ALJ King properly evaluated the evidence and issued the correct decision as to Plaintiff's claim of disability is a matter separate and apart from whether ALJ King conducted the hearing in a professional manner. Plaintiff's motion to compel will not lead to the discovery of evidence relevant to the issue of his ability to engage in substantial gainful activity. In accordance with 42 U.S.C. § 405(g), this Court will review the evidence of record regarding Plaintiff's claim of disability and determine whether the ALJ's findings of fact and decision are "supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig</u>, 76 F.3d at 589. Consideration of additional information beyond the administrative record would be improper. The motion to compel is accordingly denied.

### IV. CONCLUSION

Because Plaintiff is not entitled to discovery beyond the administrative record already produced, the motion to compel (DE-53) is DENIED. As such, there is no need for an extension of time to supplement the memorandum of law filed in support of Plaintiff's motion for judgment on the pleadings, and the motion for extension of time (DE-54) is DENIED as well. Defendant's motion to strike (DE-57) Plaintiff's motion to

5

compel is GRANTED. It is therefore ORDERED that Plaintiff's motion to compel (DE-53) be STRICKEN.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, April 18, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

6

Case 5:11-cv-00374-D   Document 60   Filed 04/18/12   Page 6 of 6