IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-374-D

| | |
|---|---|
| CLIFFORD LEON LEE, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-52 & 63). The time for filing any responses or replies has expired, and, therefore, these motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-65) For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-52) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-63) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") on April 24, 2007, alleging that he became unable to work on January 1, 2005. (Tr. 10). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"),

1

who determined that Plaintiff was not disabled during the relevant time period in a decision dated September 3, 2009. *Id.* at 10-18. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on March 14, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-6. Plaintiff filed the instant action on July 15, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by

2

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

Plaintiff was insured for DIB through June 30, 2007. *Id*. at 12. A person must be insured for disability insurance benefits in order to be eligible for such benefits. 42 U.S.C. § 423(a)(1). *See also*, 20 C.F.R. § 404.315. Therefore, the inquiry is whether substantial evidence supports the ALJ's finding that Plaintiff's impairments were not disabling on or before June 30, 2007.

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from January 1, 2005 through June 30, 2007. (Tr. 12). At step two, the ALJ found that Plaintiff suffered from the

3

following severe impairments: 1) diabetes mellitus with residuals; 2) obesity; 3) unspecified osteoarthritis; 4) degenerative joint disease of the knee; and 5) unspecified lumbago. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id*. at 13. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work. *Id.* The ALJ then determined that Plaintiff was capable of performing his past relevant work. *Id.* at 17. Accordingly, the ALJ determined that Plaintiff was not under a disability during the relevant time period. *Id.*

The ALJ's findings were supported by substantial evidence. The undersigned notes that much of the medical record does not relate to the relevant time period, January 1, 2005 through June 30, 2007. Regardless, Plaintiff noted that he "felt better" or "feels good" on several occasions. *Id*. at 225, 229-233, 1302. During examinations, it was noted that Plaintiff was "[d]oing very well." *Id.* at 201, 203, 204, 208, 209. Likewise, Plaintiff exhibited normal muscle strength, range of motion, and/or gait. *Id.* at 304, 348, 879. X-rays of Plaintiff's back were generally described as "normal." *Id*. at 237, 252. His diabetes was described as well controlled. *Id*. at 247. By July 2005, Plaintiff's right foot pain was "almost gone." *Id.* at 1357, 1368. His foot pain was resolved by May, 2006. *Id*. at 1302.

Dr. Margaret Parrish assessed Plaintiff's RFC on August 6, 2007. *Id.* at 262-269. She determined that Plaintiff could: 1) occasionally lift 50 pounds; 2) frequently lift 25 pounds; and 3) stand, walk or sit about six hours in an eight hour workday. *Id.* at 263. Dr. Joel Dascal made similar findings on October 30, 2007. *Id.* at 270-277.

Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. However, this Court must uphold Defendant's final decision if it is supported by

4

substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. <u>Craig</u>, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, his claims are without merit.

**<u>Conclusion</u>**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-52) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-63) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, August 16, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE